UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| MAURICE O. WILSON, | ) | |
|       Plaintiff, | ) | |
| | ) | No. 14 CV 50247 |
| v. | ) | Magistrate Judge Iain D. Johnston |
| | ) | |
| PETERSON CLEANING, INC. | ) | |
|       Defendant. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is defendant Peterson Cleaning, Inc.'s motion [20] to set aside the entry of an order of default [18]. For the reasons that follow, it is this Court's Report and Recommendation that the district judge grant the motion to set aside and direct the clerk to vacate the entry of default.

On October 14, 2014, plaintiff Maurice Wilson filed a *pro se* complaint alleging that Peterson Cleaning failed to promote him, failed to address harassment, and retaliated against him, all based on his race. Dkt. 1. Mr. Wilson did not appear at the initial hearing on his application to proceed *in forma pauperis*, and U.S. District Judge Reinhard dismissed the case for want of prosecution. Dkt. 6. But Mr. Wilson successfully sought reinstatement of his complaint, obtained *in forma pauperis* status, Dkt. 10, and on October 6, 2015, Judge Reinhard directed the U.S. Marshal to effect service, Dkt. 12.

According to the proof of service, the Marshal served Peterson Cleaning on October 16, 2015, making its answer due November 6, 2015. Dkt. 14. But Peterson Cleaning did not answer as required and on November 9, 2015, the plaintiff filed a *pro se* motion for entry of an order of default, Dkt. 16, which the clerk entered that same day, Dkt. 18.

On November 23, 2015, Peterson Cleaning filed the instant motion to set aside the clerk's entry of default. It seeks to have the default set aside under Federal Rule of Civil Procedure 55(c) for good cause, or alternatively under Rule 60(b)(1) for excusable neglect.

To begin, Rule 60(b)(1) offers relief from the entry of a final judgment, order or proceeding. But the clerk entered only an order of default, not a default judgment. As explained in the Court's standing order on default judgments, an order of default is the first step in the two-step process that culminates in the entry of judgment. Because the clerk entered only an order of default and not a default judgment, Rule 60(b)(1) is inapplicable. See *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009) ("We are concerned only with Rule 55(c) because the district court did not enter a final default judgment award damages . . . .").

Turning then to Rule 55(c), a party seeking to set aside the entry of an order of default must show each of the following: "'(1) good cause for the default; (2) quick action to correct it;

and (3) a meritorious defense to the complaint.'" *Id.* (quoting *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007). Whether to set aside an order of default is left to the discretion of the district court. *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007). In exercising that discretion, courts must be mindful of the policy favoring the resolution of the merits of a case by trial rather than through a default, and the resulting leniency the Seventh Circuit has established under Rule 55(c). *Cracco*, 559 F.3d at 631.

Peterson Cleaning asserts that it has established good cause because its failure to timely answer the complaint was the result of inadvertence rather than willful ignorance. According to Peterson Cleaning, although it told its attorney about the complaint four days after being served, it inadvertently neglected to forward the complaint as counsel had requested. Peterson Cleaning explains that its neglect was the result of its preoccupation with arbitration proceedings that also involved the plaintiff and that were going on at the same time it was served with the complaint in this case. Peterson Cleaning was reminded about the complaint by the entry of the order of default on November 9, 2015, and forwarded the complaint and the order of default to counsel three days later on November 12, 2015.

Parties are not free to ignore court-imposed deadlines such as the deadline to answer a complaint, and a litigant who "unilaterally decides to march to the beat of its own drum" does so at its own peril. *Central Ill. Carpenters Health & Welfare Trust Fund v. Con-Tech Carpentry, LLC*, No. 15-1269, 2015 U.S. App. LEXIS 20390 at *4 (7th Cir. Nov. 6, 2015) (affirming denial of motion seeking relief from default judgment). However, according to Peterson Cleaning its failure to timely answer the complaint was not the result of a conscious decision but, rather, inadvertence due to being preoccupied defending another matter brought by Mr. Wilson. In *Cracco*, the defendant's registered agent neglected to properly forward service of process to the correct employee, with the result that an order of default was entered against the defendant. *Cracco*, 559 F.3d at 631. The Seventh Circuit affirmed the district court's decision that good cause supported setting aside the order of default because the defendant "did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and complaint through inadvertence." *Id.* Similarly, Peterson Cleaning contends that its failure to answer is attributable to failing to properly pass along the complaint to its counsel rather than a decision to ignore the litigation.

Mr. Wilson responds that Peterson Cleaning's failure to answer was not merely inadvertent because it knew of his suit as early as October 9, 2015, eight days before service, when Mr. Wilson faxed to Peterson Cleaning a copy of Judge Reinhard's Octorber 6, 2015, order granting him *in foruma pauperis status*. But faxing an order granting a motion to proceed *in forma pauperis* is not the equivalent of service of process and, in any event, establishing that Peterson Cleaning may have known about the lawsuit a week earlier sheds no light on whether its failure to pass the complaint along to its counsel was inadvertent or willful. In the absence of contrary evidence, the facts here stand in sharp contrast to those in cases like *Carpenters Fringe Benefits Funds of Ill. v. Royal Builders, Inc.*, No. 05 CV 1731, 2007 U.S. Dist. LEXIS 7938, at *6 (N. D. Ill. Feb. 2, 2007), where the defendant's history of ignoring discovery requests, failing to appear for court hearings, and ignoring warnings that its conduct could result in default, did not establish good cause for vacating the entry of default. Accordingly, Peterson Cleaning has established good cause for setting aside the order of default.

Next, the defendant acted quickly to correct its error.  On November 12, 2015, it contacted its counsel about the entry of the order of default that had occurred just three days earlier and forwarded a copy of the complaint previously served.  Counsel followed with the motion to set aside the entry of default eleven days later on November 23, 2015.  Defendants who filed motions to set aside within similar lengths of time have been found to have acted quickly.  *See Cracco*, 559 F.3d at 631 (motion filed within eight days); *Central Ill. Carpenters Health & Welfare Trust Fund v. Rice Equip. Co.*, No. 14 CV 3390, 2015 U.S. Dist. LEXIS 92214, at *8 (D.C. Ill. July 15, 2015) (motion filed within 19 days).  Peterson Cleaning therefore acted within a reasonable time.

Finally, Peterson Cleaning must show that it has a meritorious defense to Mr. Wilson's allegations of discrimination, harassment, and retaliation, all based on his race.  Peterson Cleaning argues that it has a meritorious defense because Mr. Wilson filed suit on October 6, 2015, long after the 90 days given in his right-to-sue letter from the EEOC dated September 18, 2004.  Complaint [Dkt. 1] Ex. 1.  But Mr. Wilson actually filed suit on October 14, 2014, Dkt. 1, and at the same time filed motions to proceed *in forma pauperis*, Dkt. 3, and for counsel, Dkt 4.  The motion to proceed *in forma pauperis* was granted on October 6, 2015, and the statute of limitations was tolled until then.  *Williams–Guice v. Bd. of Educ. of the City of Chicago*, 45 F.3d 161, 164 (7th Cir.1995).  Peterson Cleaning has offered no authority to the contrary, and therefore has not established the statute of limitations as being a meritorious defense.

However, the other defense that Peterson Cleaning offers has merit.  According to Peterson Cleaning's counsel an oral argument, no opportunity for a promotion was ever available and it took reasonable steps as soon as it heard Mr. Wilson's allegations of harassment by separating him from the alleged harassers.  If true, these facts could support a meritorious defense to Mr. Wilson's allegations, and therefore Peterson Cleaning has also satisfied the final element under Rule 55(c).

Peterson Cleaning has established all three elements under Rule 55(c), and it is therefore this Court's Report and Recommendation to the district court that the motion to set aside the entry of default be granted.  Mr. Wilson has until January 4, 2016, to file an objection to this Report and Recommendation.  Failure to object may constitute a waiver of objections on appeal.  *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260 (7th Cir. 1989).

Date:  December 18, 2015        By:  _____
                                     Iain D. Johnston
                                     United States Magistrate Judge